UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DURAN, | ) | 1:07-cv-01209-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED IN FORMA PAUPERIS (DOC. |
| v. | ) | 2) |
| | ) | |
| LORI MACIAS-PRICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

    Pending before the Court is the Plaintiff's application to proceed in forma pauperis, filed on August 20, 2007.

    In the application, Plaintiff states that he is employed and makes $3025 per month; he owns a home and lists two cars, although one belongs to his spouse. He has a savings account with $76.00; his only dependent is his spouse. He received unspecified amounts of worker's compensation payments when he was off work

1

1  from May 2006 through February 2007.

2      Title 28 U.S.C. § 1915(a)(1) provides that any court of the
3  United States may authorize the commencement, prosecution of
4  defense of any civil or criminal suit, action, proceeding, or any
5  appeal therein, without prepayment of fees or security therefor,
6  by a person who submits an affidavit that includes a statement of
7  all assets the person possesses and that the person is unable to
8  pay such fees or give security therefor. Id.; Floyd v. United
9  States Postal Service, 105 F.3d 274, 275-77 (6th Cir. 1997),
10 modified on other grounds in Callihan v. Schneider, 178 F.3d 800,
11 801 (6th Cir. 1999).

12     Section 1915(a) does not require that the litigant be
13 destitute; rather, a party must not be required to choose either
14 to abandon a potentially meritorious claim or to forego the
15 necessities of life. Potnick v. Eastern State Hospital, 701 F.2d
16 243, 244 (2nd Cir. 1983) (citing Adkins v. E.I. DuPont de Nemours
17 & Co., Inc., 335 U.S. 331, 339, (1948)). Plaintiff here has not
18 demonstrated that he is unable to pay or guarantee costs without
19 sacrificing the necessities of life. Cf. Sears, Roebuck & Co. v.
20 Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23-24 (2nd Cir.
21 1988) (poverty not established where the party had $20,000 net
22 annual income).

23     Accordingly, it IS RECOMMENDED that Plaintiff's application
24 to proceed in forma pauperis BE DENIED, and that Plaintiff BE
25 ORDERED to pay the $350.00 filing fee within thirty days or face
26 dismissal of the action.

27     This report and recommendation is submitted to the United
28 States District Court Judge assigned to the case, pursuant to the

provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 24, 2007**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

3