# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN,<br><br>        Plaintiff,<br>v.<br><br>LORI MACIAS-PRICE, et al.,<br><br>        Defendants. | 07-CV-01209-AWI-SMS<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO QUASH SERVICE<br><br>(Document # 15) |

This case comes before the Court on Defendants' motion to dismiss or to quash service. For the reasons that follow, the motion to dismiss will be denied and the motion to quash service will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 20, 2007, Plaintiff John Duran proceeding pro se ("Plaintiff") filed a complaint in this Court with six causes of action stemming from alleged violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. §§ 2000e et seq.). Plaintiff seeks relief from six individuals, all of whom were allegedly involved in or aware of discriminatory hiring practices at the California Department of Corrections and Rehabilitation. Plaintiff also names state agencies as defendants. On August 28, 2007, Plaintiff filed an amended complaint, which also included a

number of "Proofs of Service."  However, on November 5, 2007, counsel for Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) or, alternatively, to quash service based on Plaintiff's alleged failure to comply with state and federal rules of service of process.  Plaintiff filed an opposition to the motion on November 16, 2007.

## LEGAL STANDARD

A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process."  See Fed. R. Civ. Pro. 12(b)(5).  The motion challenges the validity of the actual method or manner of service of process.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" (United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements (Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).

Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service.  See O'Brien v. R.J. O'Brien & Assocs., 998 F.2d 1394, 1400 (7th Cir. 1993).  The manner of service may be improper, for example, where the wrong person is served or where a person who is not authorized to accept service is served.  3 J. Moore et al., Moore's Federal Practice § 12.33 (3d ed. 2005).  Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981); see Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  While a district court should indeed give the service requirements

of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service.  See Jones v. Automobile Club of Southern California, 26 Fed.Appx. 740, 742 (9th Cir. 2002); Stevens v. Security Pacific Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir.1976).

## DISCUSSION

### A.     Service Upon Individuals Under Federal and State Law

As Defendants correctly point out, Federal Rule of Civil Procedure 4(e) applies with regard to service upon the individual defendants in this case.  Rule 4(e) states in relevant part that service may be effected (1) "pursuant to the law of the state in which the district court is located...;" or (2) "by delivering a copy of the summons and of the complaint to the individual personally."  The law of the state in which this Court sits allows a plaintiff to serve a defendant by, among other means, mailing a copy of the summons and complaint "together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  Cal. Code Civ. P. § 415.30.  Service would be deemed complete on the date the notice and acknowledgment form is executed and returned to Plaintiff. If Defendants were to fail to complete and return the acknowledgment form within 20 days from the date of the mailing, they would be liable for reasonable expenses incurred in attempting to serve them by other permitted means.  Id.

Defendants argue that Plaintiff failed to comply with both federal and state rules of civil procedure by neither serving Defendants personally, nor mailing them the amended complaint, summons and notice and acknowledgment forms together.  The record indicates that Defendants are correct.

Plaintiff mailed a copy of the amended complaint to seven parties on August 25, 2007, according to the documents titled "Proof of Service" attached to the amended complaint (Document # 4).  He mailed a copy to another party on September 5, 2007, according to another

"Proof of Service" (Document # 5).  Plaintiff subsequently mailed copies of the summons to all Defendants over a month later on October 15, 2007, according to other "Proof of Service" documents filed with the Court on October 17, 2007 (Documents # 11-12).  Finally, on November 3, 2007, Plaintiff mailed "Waiver of Service of Summons" forms to all Defendants, according to other"Proof of Service" documents filed with the Court on November 6, 2007 (Document # 16).

Plaintiff clearly chose not to serve the individual defendants personally, but rather by mail, as is permitted under Federal Rule of Civil Procedure 4(e) through California Code of Civil Procedure § 415.30.  However, Plaintiff failed to comply with the rules of § 415.30 by omitting from his August 25, 2007 mailings a copy of the summons and complaint *together* with two copies of a notice and acknowledgment of receipt form *with a return envelope, postage prepaid*, addressed to the sender.  Similarly, a plaintiff is permitted to request a waiver of service from a defendant under Federal Rule of Civil Procedure 4(d)(2), as Plaintiff attempted to do.  However, Plaintiff failed to comply with Rule 4(d) by omitting from his November 3, 2007 mailings a copy of the complaint an extra copy of the notice and request for waiver form and a return envelope, postage prepaid, addressed to the sender.

### B. Service Upon State Agencies Under Federal and State Law

Plaintiff's amended complaint names state agencies as well as individuals.  Service upon state or local governments is controlled by Federal Rule of Civil Procedure 4(j). Rule 4(j), like Rule 4(e), permits service of the summons and complaint upon a state government or agency "in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. Pro. 4(j)(2).  In California, a summons may be served upon a state "department," "division," or "board" "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. P. § 416.50.  If a party chooses to serve the public entity by mail, which is

permitted in California (see Comment by Judicial Council to Cal. Code Civ. P. § 415.30 ("The person or persons to be served under this section are enumerated in Sections 416.10 through 416.90.")), the party must do so in accordance with the requirements of California Code of Civil Procedure § 415.30 outlined above (i.e. mail a copy of the summons and complaint together with two copies of a notice and acknowledgment of receipt form and a return envelope, postage prepaid, addressed to the sender).

    As with Plaintiff's attempted service upon the named individuals, his attempted service upon the named state agencies was deficient.  Plaintiff chose to effect service by mail but again failed to comply with the rules of § 415.30 by omitting from his mailings to the appropriate state officials a copy of the summons and complaint *together* with two copies of a notice and acknowledgment of receipt form *with a return envelope, postage prepaid*, addressed to the sender.  Plaintiff's attempt to request a waiver of service from the named state agencies pursuant to Federal Rule of Civil Procedure 4(d)(2) was also improper because, as a close reading of the rule indicates, Rule 4(d)(2) applies only to individuals covered by Rules 4(e)-(f) and corporations and associations covered by Rule 4(h), not to state agencies covered by Rule 4(j).

    **C.**    **Objection by Plaintiff**

    As service of process has been properly challenged by a Rule 12(b)(5) motion, Plaintiff must bear the burden of establishing its validity.  Aetna Business Credit, Inc., 635 F.2d at 435. See also Motley v. Parks, No. CV-01-472, 2001 WL 849637 (C.D. Cal 2001).  Here, Plaintiff has not been able to establish that he properly served the individual defendants or state agency defendants. Nothing in the record or Plaintiff's objection (Document # 18) demonstrates that he complied with the relevant federal and state statutes discussed above.

    Strict compliance is required with the rules governing manner of service.  Wm. W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 5:165 (2006).

Generally, federal courts have broad discretion to dismiss an action or to retain it but quash the service. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2004). However, if it appears that "effective service can be made and there has been no prejudice to the defendant, the court will quash service rather than dismiss the action." Schwarzer et al., supra, § 5:354. Because Defendants have not shown prejudice in this case, the Court hereby quashes the service allowing Plaintiff another opportunity to serve Defendants correctly.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Defendants' motion to dismiss is DENIED; and
2. Defendants' motion to quash service is GRANTED.
3. Plaintiff is directed to complete service on Defendants within thirty days of the date of this order.

IT IS SO ORDERED.

**Dated:   December 19, 2007**          /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE